**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 29 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MOHAMMED ABDUL-MAJID,

    Defendant - Appellant.

No. 04-6221
(D.C. No. CR-98-80-R)
(W.D. Okla.)

**ORDER**

Before **EBEL**, **MURPHY** and **McCONNELL**, Circuit Judges.

Defendant-Appellant Mohammed Abdul-Majid appeals[1] from the district court's decision denying Majid's motion asking the district court to direct the court reporter to produce the original transcripts from his guilty plea and sentencing proceedings. (Aplt. br. at 3, 5.) Majid contends that the transcripts the court reporter previously produced are not accurate. (Id. at 5.)

This court, prior to Majid filing this transcript motion, denied Majid relief from his conviction and dismissed his direct appeal (R. doc. 433.), and denied Majid rehearing from that decision (Aplt. br. at 3.). Further, the United States

---

[1]     This court grants Majid's motion to proceed on appeal in forma pauperis. See 28 U.S.C. § 1915.

Supreme Court denied Majid's petition for a writ of certiorari. <u>Majid v. United States</u>, 125 S. Ct. 94 (Mem.) (Oct. 4, 2004). Therefore, Majid cannot characterize his current appeal as a second direct appeal from his conviction. "Once the defendant's chance to appeal has been . . . exhausted, . . . we are entitled to presume he stands fairly and finally convicted." <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982).

If Majid wants to challenge the accuracy of these transcripts and assert how those inaccuracies have prejudiced him, <u>see</u> <u>United States v. Taverna</u>, 348 F.3d 873, 880 (10th Cir. 2003), Majid must now do so in a timely 28 U.S.C. § 2255 motion. <u>See generally</u> 28 U.S.C. § 2255 (addressing requirements for timely filing § 2255 motion). While Majid has previously filed such a § 2255 motion, the district court dismissed that motion without prejudice to his refiling it because at that time Majid's direct appeal was still pending in this court.

For these reasons, therefore, we DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge